JEANE HAMILTON (CSBN 157834)
ALBERT B. SAMBAT (CSBN 236472)
MICHAEL A. RABKIN (ILRN 6293597)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
jeane.hamilton@usdoj.gov

Attorneys for the United States

**FILED**

OCT 2 6 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR 12-00083 PJH |
| v. | **PLEA AGREEMENT** |
| DOMINIC LEUNG, | |
| Defendant. | |

The United States of America and DOMINIC LEUNG ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The defendant understands his rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against him;

PLEA AGREEMENT – DOMINIC LEUNG – 1
No. CR 12-00083 PJH

   (d) to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

   (e) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

   (f) not to be compelled to incriminate himself;

   (g) to appeal his conviction, if he is found guilty; and

   (h) to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or § 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the United States Sentencing Guidelines range stipulated by the parties in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to Count One of the Information filed in this case. Count One of the Information charges the defendant with participating in a conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public real estate foreclosure auctions in Contra Costa County in the Northern District of California ("the selected properties"), in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, beginning as early as May 2009 and continuing until in or about January 2011 (the "relevant period").

3. The defendant will plead guilty to the criminal charge described in Paragraph 2, above, pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4. The defendant agrees that he is guilty of the offense to which he will plead guilty and agrees that the following facts are true:

During the relevant period, the defendant participated in a conspiracy to rig bids to obtain the selected properties. The primary purpose of this conspiracy was to suppress and restrain competition to purchase the selected properties at noncompetitive prices. To carry out their conspiracy, the defendant and his co-conspirators agreed not to compete to purchase the selected properties, designated which conspirator would win the selected properties at the public auctions for the group of conspirators, and refrained from or stopped bidding on the selected properties at the public auctions.

During the relevant period, the business activities of the defendant and his co-conspirators were within the flow of, and substantially affected, interstate trade and commerce. For example, mortgage holders located in states other than California received proceeds from the public real estate foreclosure auctions that were subject to the bid-rigging conspiracy.

During the relevant period, the conspiratorial activities described above took place in the Northern District of California, and the real estate that was the subject of this conspiracy was located in this District.

## POSSIBLE MAXIMUM SENTENCE

5. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act, 15 U.S.C. § 1, is:

   (a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);
   
   (b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary

loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

   (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to an additional two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

  6. In addition, the defendant understands that:

   (a) pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3), the Court may order him to pay restitution to the victims of the offense; and

   (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

  7. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable, based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in

PLEA AGREEMENT – DOMINIC LEUNG – 4
No. CR 12-00083 PJH

determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.  The United States and the defendant agree that the following Sentencing Guidelines apply for Count One (15 U.S.C. § 1):

|     |                                                                                                                                                  |                        |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------ | ---------------------- |
| (a) | Base Offense Level, U.S.S.G. §2R1.1(a):                                                                                                          | 12                     |
| (b) | Conduct involved agreement to submit noncompetitive bids, U.S.S.G. §2R1.1(b)(1):                                                                 | +1                     |
| (c) | Volume of commerce (stipulated to be $2.07 million), U.S.S.G. §2R1.1(b)(2)(A):                                                                   | +2                     |
|     | Fine calculated as one to five percent of the volume of commerce (stipulated to be $2.07 million), but not less than $20,000, U.S.S.G. §2R1.1(c)(1): | $20,700 to $103,500 |
|     | Total:                                                                                                                                           | 15                     |

9.  The United States agrees that it will make a motion, pursuant to U.S.S.G. §3E1.1, for a downward adjustment of two levels for acceptance of responsibility due to the defendant's timely notification of his intention to enter a guilty plea. Therefore, the total Guidelines calculations result in an adjusted offense level of 13, for a jail term of 12 to 18 months and a fine of $20,700 to $103,500. The United States agrees to recommend a fine between $7,500 and $75,000.

10. The defendant understands that the Court will order him to pay a special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A), in addition to any fine imposed. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.

11. The government and the defendant agree to recommend that the Court order the defendant to pay restitution in the amount of $45,429 pursuant to U.S.S.G. §5E1.1(a). The defendant understands that this Plea Agreement is voidable by the government if he fails to pay

the restitution as ordered by the Court. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

12. The United States and the defendant are not aware of any information that would affect the defendant's Criminal History Category. If no other information were discovered, the defendant's Criminal History Category would be I. The parties understand that the defendant's Criminal History Category is determined by the Court.

13. The defendant understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. The United States cannot and does not make any promises or representations as to what sentence the defendant will receive. The United States will inform the Probation Office and the Court of (a) this Agreement, (b) the nature and extent of the defendant's activities in this case and all other activities of the defendant that the United States deems relevant to sentencing, and (c) the nature and extent of the defendant's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by the defendant both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the criminal violation charged in the Information, the participation of the defendant therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of the defendant and to supply any other information that the Court may require.

14. If the United States determines that the defendant has provided substantial assistance in any Federal Proceeding, as defined in Paragraph 17 of this Plea Agreement, and has otherwise fully complied with all of the terms of this Plea Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5). The defendant acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States. It is understood that, should the United States determine that the defendant has not provided substantial

assistance in any Federal Proceeding, or should the United States determine that the defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle the defendant to withdraw his guilty plea once it has been entered. The defendant further understands that, whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

15. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 17 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until the defendant's cooperation is complete.

16. The United States and the defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

17. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of properties at public real estate foreclosure auctions in the Northern District of California, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

      (a)    producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine in the possession, custody, or control of the defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

      (b)    making himself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

      (c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

      (d)    otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding; and

      (e)    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

18.    Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 17 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy or in violation of any related criminal law involving the purchase of

properties at public real estate foreclosure auctions in the Northern District of California ("Relevant Offenses"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

19. The defendant understands that he may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

20. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

21. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United

States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

22.  The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 17 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

23.  The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

24. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case and supersedes and replaces in its entirety any prior plea agreement between the parties concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

_____
DOMINIC LEUNG
Defendant

Dated: 10/26/16

_____
EUGENE ILLOVSKY
Counsel for Defendant Dominic Leung

Dated: 10/26/16

_____
JEANE HAMILTON
ALBERT B. SAMBAT
MICHAEL A. RABKIN
Trial Attorneys
U.S. Department of Justice
Antitrust Division

Dated: 10.26.16

PLEA AGREEMENT – DOMINIC LEUNG – 11
No. CR 12-00083 PJH