EUGENE ILLOVSKY (CA SBN 117892)
Eugene@illovskylaw.com
ILLOVSKY LAW OFFICE
1611 Telegraph Avenue, Suite 806
Oakland, California 94612
Telephone: 510.394.5885

Attorneys for Defendant
DOMINIC LEUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC LEUNG,<br><br>Defendant. | Case No.    CR 12-00083 PJH<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**<br><br>CTRM: 3<br>DATE:  December 15, 2017<br>TIME:   9:00 a.m. |

Defendant Dominic Leung hereby submits the following memorandum in connection with his upcoming sentencing.

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

Almost seven years ago, early on January 11, 2011, FBI agents investigating bid-rigging at public foreclosure auctions knocked on the door of Mr. Leung's family home.  During the interview, he provided information to the agents and admitted to buying two properties in second round from an individual (someone the Court has previously sentenced) who had obtained them in an initial bidding round.

After the interview, later that year, Mr. Leung directed his newly-retained counsel to contact the Antitrust Division to arrange a guilty plea and ask about cooperating with the

DEFENDANT'S SENTENCING MEMORANDUM ETC.
Case No. CR 12-00083 PJH

1

1  government in an attempt to make things right.

2       Mr. Leung's first plea agreement was back in March of 2012; Mr. Leung agreed to plead

3  guilty and to cooperate with the government's investigation.  He has faithfully complied with his

4  release conditions for the last almost-six-years.  It appears Mr. Leung was in a very early group of

5  individuals in the public foreclosure auction cases who chose to come forward and cooperate.

6  That plea agreement was subsequently withdrawn and, under the current plea agreement, on

7  October 26, 2016, Mr. Leung pled guilty to Count One of the Information.  Mr. Leung is before

8  the Court to be sentenced on that Count.

9       **II.**    **PRESENTENCE REPORT**

10       Mr. Leung believes the Presentence Report was carefully prepared.  He has no objection

11  to the statements in it or to the guideline calculation.

12       **III.**    **PERSONAL BACKGROUND**

13       The Presentence Report captures the salient information about Mr. Leung that the Court

14  needs for sentencing, so we won't unduly repeat or belabor it.  His violation of law is truly an

15  aberration.  Except for his mistake that led to this prosecution – and he assures the Court and his

16  family it is a mistake that will never happen again – Mr. Leung's is an immigrant success story.

17  His hitherto unblemished record describes the path of so many like him who have contributed to

18  and come to love their adopted country.

19       Learned English upon moving from Hong Kong to Illinois to live with a relative, worked

20  his way through college at Golden Gate in San Francisco with part-time restaurant jobs, did well

21  in the real estate business (separately from the illegal conduct here), and raised a young family.

22  Even after his decision to plead guilty and cooperate, Mr. Leung held his head high and redoubled

23  his efforts to find a different line of work, financial planning, in which he now employs someone

24  and feels he is contributing to society by helping people secure their financial future.

25       He is blessed with a supportive wife, who has been helping him get through this chapter of

26  his life.  She works as a teaching assistant at the Chinese Christian School in Alameda.  He has

27  two boys, Gabriel and Mordecai, who attend California Crosspoint Academy in Hayward.  Mr.

28  Leung's parents live with them; though his mom was fairly recently (and mysteriously) stricken

DEFENDANT'S SENTENCING MEMORANDUM ETC.
Case No. CR 12-00083 PJH

1   with mad-cow disease and is rapidly declining both cognitively and physically.

2         After his early 2012 guilty plea, Mr. Leung was extensively debriefed by the government

3   in multiple communications and provided information that he believes substantially assisted the

4   Antitrust Division in its investigation and prosecutions.  His guilty plea came more than a year

5   before the indictment of others who were involved (and about whom Mr. Leung provided

6   information).  Mr. Leung's counsel was told by the Division that he would be contacted to

7   provide trial testimony.  Mr. Leung was ready and willing to testify, though it turns out he was

8   not called.  Mr. Leung understands the government will make a motion under Section 5K1.1 of

9   the Guidelines in recognition of his early cooperation and substantial assistance.

10         **IV.    MOTION FOR DOWNWARD VARIANCE [18 U.S.C. § 3553 FACTORS]**

11         The Probation Office is in accord with the plea agreement's guidelines calculation that the

12   applicable range is 12-18 months (Mr. Leung has no criminal history).  The Office then

13   determined that a downward variance is merited in Mr. Leung's case and the Presentence Report

14   recommends a sentence of 9 months' imprisonment.  We agree with the Probation Office that a

15   downward variance is appropriate in this case, but we believe a different sentence – one that does

16   not include imprisonment – would better satisfy the purposes of 18 U.S.C. § 3553.

17         The Antitrust Division is expected to move under Section 5K1.1 for a 35% reduction off

18   the low end of the sentencing range in recognition of Mr. Leung's becoming one of the earliest

19   cooperators.  We believe it will thus recommend a sentence of 8 months of incarceration.[1]

20         The Court must, of course, "impose a sentence sufficient, but not greater than necessary"

21   to satisfy sentencing's statutory purposes.  18 U.S.C. § 3553(a)(2).  In doing so, one of the factors

22   the Court is directed to consider, as the Probation Officer noted, is the defendant's "nature and

23   characteristics," 18 U.S.C. § 3553(a)(1).[2]  We have just a few points for the Court's

---

24         [1] The Antitrust Division makes its recommended 5K reduction of 35% based on the low
25   end of the agreed-upon sentencing range (12 months) and not based on the Probation Office's
     recommendation of 9 months, even though the Court might accept that recommendation.

26         [2] As the Court assesses whether the sentence "protect[s] the public from further crimes of
27   the defendant," 18 U.S.C. § 3553(a)(2)(C), we point to the Probation Office's determination that
     Mr. Leung "is a 48-year-old man with no prior criminal history, who is unlikely to reoffend."
28   PSR, p. 13.

DEFENDANT'S SENTENCING MEMORANDUM ETC.
Case No. CR 12-00083 PJH                                                                      3

1   consideration, that amplify or reinforce what is in the Presentence Report.  First, Mr. Leung has

2   no criminal history.  Second, he has never tried to duck responsibility for what he did or to excuse

3   or explain away his conduct.   Third, a prison sentence would be an immense strain on his wife

4   and family (since Mr. Leung's mother is suffering from a disease that will require close to the

5   around-the-clock care and attention of her family).  Fourth, from the letters of support from his

6   wife, pastor, and a work colleague, the Court will see that the contrite man standing before it is

7   and has been a caring husband and father, a dutiful son, a contributor at his church, and a good

8   friend.

9           **V.    SENTENCE REQUEST**

10          Mr. Leung respectfully asks the Court for a sentence that does not involve imprisonment.

11   He asks for a sentence of three (3) years of probation, with the special condition that he serve five

12   (5) months of home detention (with participation in the location monitoring program).  The

13   request for 5 months applies the Probation Office's recommended 3-month variance to the post-

14   5K number of 8 months (though we seek a sentence that does not involve prison).[3]

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

---

25          [3] If it helps the Court, one of the individuals with whom Mr. Leung was involved, Hilton
      Wong, was sentenced to 3 years of probation with a special condition of 8 months of home
26   detention.  Mr. Wong's stipulated volume of commerce was $2.8 million, while Mr. Leung's is
      barely over $2 million ($2.07 million).  In Mr. Leung's case, the Probation Office has
27   recommended a downward variance.

28

DEFENDANT'S SENTENCING MEMORANDUM ETC.
Case No. CR 12-00083 PJH                                                                    4

Mr. Leung understands his restitution obligation and is prepared to pay the full amount of restitution on the day of sentencing (and will have with him a check for the amount payable to the Clerk of the U.S. District Court).[4]

Dated: December 8, 2017          Respectfully submitted,

EUGENE ILLOVSKY
ILLOVSKY LAW OFFICE


By: _____
EUGENE ILLOVSKY

Attorneys for Defendant
DOMINIC LEUNG

---

[4] We also ask the Court to make a finding under 18 USC §§ 3563(a)(5) and 3583(d) that there is a very low risk of future substance abuse and, therefore, a drug condition need not be part of any probation term (as noted in the Probation Office's recommendation).